UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES B. BOSTON, aka JAMES L. MADISON**  LA. DOC #108333  VS. | **CIVIL ACTION NO. 09-1654**  **SECTION P** |
| **STEVEN ANDERSON, PAROLE OFFICER, AND THE LOUISIANA PAROLE DEPT.** | **CHIEF JUDGE JAMES**  **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, James B. Boston (also known as James L. Madison), filed a pleading utilizing the form for filing prisoner civil rights complaints pursuant to 42 U.S.C. §1983. Boston, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, complained that his parole officer, Steven Anderson, coerced or misled him into waiving a preliminary hearing and admitting to various violations of the conditions of his parole which resulted in the revocation of his parole by the Louisiana Parole Board. He sued Anderson and the "Louisiana Probation and Parole Department" praying only for "immediate relief." In a subsequent pleading [Doc. 4], Boston requested a Stay of these proceedings until such time as the Louisiana Supreme Court rules on some litigation filed by him and pending before that Court. That request was denied and he was directed to amend his complaint and to state whether or not he sought *habeas corpus* relief or relief pursuant to 42 U.S.C. §1983. [Doc. 5]

On January 19, 2010 Boston amended his pleading alleging again that his parole was erroneously revoked because, contrary to the assertions of his parole officer, he did not abscond supervision or otherwise violate the terms or conditions of his parole. [Doc. 7, ¶¶ 1-7, 9-10] In

addition he alleged, "Plaintiff avers the appropriate remedy is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254, which is why plaintiff asked this Honorable Court for a stay order pending the Louisiana Supreme Court Ruling in this matter." [Doc. 7, ¶8] He concluded his pleading requesting "... Immediate Relief in according to law..." [Doc. 7, p.4]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint, insofar as it seeks relief pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that Boston can demonstrate that his parole revocation and/or sentence have been invalidated. It is further recommended that the complaint, insofar as it seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 and Boston's immediate release from custody be **DISMISSED WITHOUT PREJUDICE** because he did not exhaust available state court remedies prior to filing his federal suit.

## *Background*

On November 11, 1994 Boston was sentenced to serve 30 years at hard labor following his conviction for distribution of crack cocaine in the First Judicial District Court, Caddo Parish. He was eligible for diminution of sentence and therefore, on August 26, 2007 he was released on parole supervision.

On August 4, 2008 he was arrested and charged with various parole violations – his parole officer alleged (a) that Boston failed to report to his parole officer on a monthly basis after November 14, 2007; (b) that he moved from his last residence without permission and thus absconded parole supervision; (c) that by moving from his residence and absconding supervision

his Parole Agent was unable to contact him; and (d) that he failed to pay his monthly parole supervision fees. [See Doc. 7, pp. 6-9]

On August 14, 2008 Boston was interviewed by his Parole Officer, the defendant, Steven Anderson. Boston claims that he requested a parole revocation hearing and "qualification for La. R.S.15:574.9(G)(1). "[1] Mr. Anderson advised Boston that he was not eligible for the benefits of the statute[2] and advised him further that if he signed the waiver of a preliminary hearing and admitted to the violations contained in the Bill of Particulars, Anderson would send him to a drug rehabilitation program and upon completion of the program, Boston would be released from further parole supervision.

According to Boston he was either coerced or misled by Anderson into waiving his rights, and, as a result, it appears that his good time parole status was revoked thus accounting for his current incarceration. According to Boston, had he proceeded to a hearing, he would have produced sufficient evidence to refute each technical violation because he claims that he is not guilty of the parole violations alleged by Anderson. [See Doc. 7]

---

[1] The statute provides, "Any offender who has been released on parole for the conviction of an offense other than a crime of violence as defined in R.S. 14:2(B) or of a sex offense as defined in R.S. 15:541, and whose parole supervision is being revoked under the provisions of this Subsection for his first technical violation of the conditions of parole as determined by the Board of Parole, shall be required to serve not more than ninety days without diminution of sentence or credit for time served prior to the revocation for a technical violation. The term of the revocation for the technical violation shall begin on the date the Board of Parole orders the revocation. Upon completion of the imposed technical revocation sentence, the offender shall return to active parole supervision for the remainder of the original term of supervision. The provisions of this Subsection shall apply only to an offender's first revocation for a technical violation."

[2] Indeed, Subsection (G)(2) provides a list of violations that are not considered "technical violations" including, "Absconding from the jurisdiction of the Board of Parole."

*Law and Analysis*

As noted in the Memorandum Order of December 21, 2009, Boston's original prayer for relief was ambiguous in that he requested only "immediate relief." The undersigned provided instruction and directed Boston to elect the cause of action he intended to pursue. [Doc. 5] His amended complaint provided little guidance; plaintiff again requested, "immediate relief in according to law." [Doc. 7]

*1. Habeas Corpus – 28 U.S.C. §2254*

If the "immediate relief" Boston seeks through these proceedings is his immediate or speedier release from custody, his pleadings must be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 since he is in custody pursuant to the judgment of a state court. Compare *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); see *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir.1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir.1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir.1986). Further, venue would be appropriate in this Division since Boston is incarcerated at the East Carroll Detention Center, Lake Providence, Louisiana, which is located within the geographical confines of the Monroe Division of the Western District of Louisiana. See Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004) (Habeas petition filed pursuant to 28 U.S.C. §2254 which attacks the revocation of parole may be filed as provided in §2241(d), "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." )

However, before Boston may proceed in federal court, he must first exhaust all available

state court remedies by fairly presenting the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Title 28 U.S.C. §2254(b)(1) provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)). To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction – or in this case, his parole revocation – must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.[3]

---

[3] Louisiana parolees can seek judicial review of parole revocation issues in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of its required review process pursuant to La.Rev.Stat. Ann. § 15:1177 and § 15:571.15 ( "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any

The pleadings, exhibits, and published jurisprudence of the State of Louisiana reveal that petitioner has not exhausted available State court remedies. By his own admission, Boston has not completed the litigation of his *habeas corpus* claims in Louisiana's Supreme Court; nor has he alleged that the action pending in Louisiana's Supreme Court was brought in a procedurally correct manner. His failure to exhaust those state court remedies prior to filing the instant suit mandates dismissal of his petition insofar as he seeks *habeas corpus* relief.

## *2. Civil Rights*

As Boston has already conceded, any claim for monetary relief pursuant to 42 U.S.C. §1983 is barred by the doctrine of *Heck v. Humphrey*. In *Heck*, the United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). *Heck* involved

---

action concerning parole shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the Board of Parole shall be controlled by this Part and R.S. 15:574.2 and 574.11 and not by the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary.". See also 15:574.2 ("Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests any action of the board is East Baton Rouge Parish. Venue in a suit contesting the actions of the board shall be controlled by this Part and R.S. 15:571.15 and not the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary.")

Pursuant to La.Rev.Stat. Ann. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La.Rev.Stat. Ann. § 13:312(1). To complete the process, Louisiana law would allow him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

a civil rights claim brought by a state prisoner. Since a judgment in favor of the plaintiff would call into question the legality of his conviction and confinement, the Court dismissed the Section 1983 suit until the plaintiff could demonstrate that the allegedly unlawful conviction or sentence had been invalidated.

The holding in *Heck* has been extended to parole revocation proceedings. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995). In *Littles*, the plaintiff, a Texas prisoner, filed a civil rights claim against the Texas Parole Board claiming, as did the plaintiff herein, that the Board violated his due process rights. The United States District Court dismissed plaintiff's claim under *Heck*, and, on appeal, the Fifth Circuit upheld that judgment noting, that the plaintiff "... has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates." *Littles*, 68 F.3d at 123. Boston's claims clearly fall within the parameters of *Heck*. A favorable judgment would call into question the validity of the parole revocation procedures and the sentence he is currently serving as a result of having his parole revoked. Therefore, before plaintiff can proceed, he must prove that his parole revocation or sentence "...has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394. He has not met this precondition and his complaint must be dismissed with prejudice as frivolous until such time that he can demonstrate that his parole revocation and/or sentence have been invalidated. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of

the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

### *3. Conclusion and Recommendation*

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED** that the complaint, insofar as it seeks monetary relief pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that Boston can demonstrate that his parole revocation and/or sentence have been invalidated;

**IT IS FURTHER RECOMMENDED** that the complaint, insofar as it seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** because he did not exhaust available state court remedies prior to filing his federal suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** ***Douglass v. United Services Automobile Association***, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, February 11, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE